UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANGEL MALDONADO, 03-R-2519,

       Plaintiff,

   -v-                  11-CV-0717A(Sr)

ANDREA W. EVANS, Chairwoman & CEO,
New York State Division of Parole and
BRIAN FISCHER, Commissioner,
New York State Department of
Correctional Services,

       Defendants.

---

## REPORT, RECOMMENDATION AND ORDER

    This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #5.

    Currently before the Court is defendants' motion to dismiss plaintiff's *pro se* complaint, which asserts a due process claim pursuant to 42 U.S.C. § 1983, for failure to state a cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. #4), and plaintiff's motion to amend the complaint[1] to add Diana Sherry, Livingston Correctional Facility Parole Officer, as a defendant. Dkt. #9. For the following reasons, it is recommended that the motion to dismiss be denied and it is ordered that the motion to amend is granted.

---

[1] Although it appears that the pages of plaintiff's amended complaint were received out of order, the Court considers the following pages to constitute the proposed amended complaint: Dkt. #9-1, pp.1-7; Dkt. #9, pp.4-8 & Dkt. #9-1, pp.11-88 (attached exhibits).

## BACKGROUND

Plaintiff was released from the custody of the Department of Correctional Services to parole supervision on May 28, 2009. Dkt. #1, p.11. Following a violation of the conditions of his release, for which plaintiff served four months, plaintiff was released from custody on February 24, 2010. Dkt. #1, p.11. Plaintiff entered into a plea agreement with respect to a subsequent parole violation and was sentenced to time served plus three months from the date of the parole violation hearing, resulting in a release date of July 8, 2010. Dkt. #1, p.11.

Plaintiff alleges that on July 7, 2010, Facility Parole Officer Diana Sherry informed plaintiff that he would not be leaving on July 8, 2010, but offered no explanation for the delay. Dkt. #9, p.4. On July 8, 2010, plaintiff wrote to Commissioner Fischer and Chairwoman Evans, but received no response. Dkt. #9, p.4.

On or about August 23, 2010, Facility Parole Officer Diana Sherry authored and served plaintiff with the following memorandum on letterhead of the State of New York Executive Department Division of Parole:

> Upon your return to the New York State Department of Correctional Services as a Parole Violater, your case was reviewed and it was determined you would be eligible for release upon completion of the imposed time assessment. However, since that determination you have:
>
> * * *
>
> X    . . . Sworn deposition of July 12, 2010 alleging fraudulent behaviors involving $25,000, by victim Laura O'Brien. This disposition was reviewed at this office on August 6, 2010.

> As a result of the above, your case must now be reviewed
> by the Board of Parole for release consideration.

Dkt. #9-1, p.16.  Plaintiff appeared before the Parole Board on August 20, 2010.  Dkt. #9, p.4.  Thereafter, plaintiff was provided with a Parole Board Release Decision Notice dated August 25, 2010 and initialed by Facility Parole Officer Diana Sherry indiciating that the parole decision was being postponed for completion of records.  Dkt. #9-1, p.18.

Plaintiff filed a petition for writ of *habeas corpus* in New York State Supreme Court, Erie County, on September 9, 2010.  Dkt. #9-1, p.61.  Supreme Court Justice Russell Buscaglia granted the writ, resulting in plaintiff's release from custody on September 29, 2010.  Dkt. #1, p.5 & Dkt. #9, p.5.  Justice Buscaglia converted the petition to an article 78 proceeding and determined that because the New York State Division of Parole and the Commissioner of the New York State Department of Correctional Services

> violated the terms of the plea agreement by incarcerating
> the [plaintiff] approximately seven (7) weeks beyond the
> agreed upon release date without due process and without
> abiding by their own rules and regulations, this Court must
> vacate the hearing decision, annul the punishment, expunge
> the record and restore the [plaintiff's] pre-hearing record.

Dkt. #9-1, p.64.  The Division of Parole subsequently withdrew all of the charges.  Dkt. #9, p.5.

Plaintiff commenced this action, *pro se*, against Andrea W. Evans, Chairwoman of the New York State Division of Parole and Brian Fischer, Commissioner

of the New York State Department of Correctional Services, alleging that they violated his right to due process and deprived him of his liberty by incarcerating him beyond the sentence to which he agreed as part of a plea bargain for a parole violation. Dkt. #1, p.5.

Defendants moved to dismiss on the ground that there are no allegations of their personal involvement in the alleged constitutional deprivation. Dkt. #4, pp.6-8.

In response, plaintiff moves to amend the complaint to add Diana Sherry as a defendant and to clarify that the defendants are being sued in their individual capacities. Dkt. #9, pp.2-3.

Defendants oppose the motion to amend, arguing that plaintiff has failed to allege the personal involvement of the defendants and that, with respect to Facility Parole Officer Diana Sherry, plaintiff does not allege that she had any involvement in plaintiff's continued incarceration. Dkt. #13, pp.7-9.

## DISCUSSION AND ANALYSIS

**Amended Complaint**

Fed. R. Civ. P. 15(a) provides that a party may amend a pleading by leave of court or by written consent of the adverse party. Leave to amend is to be "freely granted" unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if

leave is granted, or the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *State Teachers Retirement Bd. v. Fluor Corp*., 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a). An amendment is futile if it cannot survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Parker v. Columbia Pictures Indus*., 204 F.3d 326, 339 (2d Cir. 2000).

**Dismissal Standard**

To survive a motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court remains obligated to construe a *pro se* complaint liberally and to interpret *pro se* pleadings to raise the strongest arguments that they suggest. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

**Personal Involvement**

It is well settled that the personal involvement of defendants in an alleged constitutional deprivation is a prerequisite to an award of damages under § 1983. *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001)*; Colon v. Coughlin*, 58 F.3d 865,

873 (2d Cir. 1995); *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060,1065 (2d Cir. 1989).  Personal involvement may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) was informed of the violation and failed to remedy the wrong; (3) created or permitted the continuation of a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating unconstitutional acts were occurring.  *Colon*, 58 F.3d at 873, *citing Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).  A prison official cannot be personally liable under § 1983 on the basis of respondeat superior or simply because he or she is at the top of the prison hierarchy.  *Id.* at 873-74.

Plaintiff's allegation that he wrote to Commissioner Fischer and Chairwoman Evans questioning his incarceration beyond his release date, combined with the state court petition for writ of *habeas corpus* naming Commissioner Fischer and Chairwoman Evans as respondents twenty days prior to the petition being granted is sufficient to plausibly allege their personal involvement in the alleged due process violation. *See Rivera v. Carroll,* No. 07 Civ. 7847, 2009 WL 2365240 (S.D.N.Y. Aug. 3, 2009) (request to discuss maximum expiration date constitued sufficient warning of risk of unwarranted punishment so as to adeqately plead personal involvement of facility parole officer); *Brown v. Coughlin*, 704 F. Supp. 41, 44 (S.D.N.Y. 1989) (written protest informing facility clerk that his release date was wrong and and article 78 petition naming Chairman of Parole Board and facility parole officer sufficient to allege personal involvement).  Moreover, plaintiff's allegation that Facility Parole Officer Diana Sherry

failed to inform him of the reason for his detention beyond his release date of July 8, 2010, combined with documentation indicating that she authored the August 20, 2010 memorandum rescinding his release, is sufficient to plausibly allege her involvement in the alleged violation of plaintiff's constitutional right to due process and warrant amendment of the complaint.

## **CONCLUSION**

For the reasons set forth above, it is recommended that defendants' motion to dismiss (Dkt. #4), be denied. In addition, plaintiff's motion to amend is granted.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v.*

*Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  <u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order</u>.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

DATED:    Buffalo, New York
              September 10, 2012

    ***s/ H. Kenneth Schroeder, Jr.***
    H. KENNETH SCHROEDER, JR.
    United States Magistrate Judge